ROGERS *v.* RIESSNER *et al.*

(*Circuit Court, S. D. New York.* March 27, 1888.)

1. EQUITY—PRACTICE—REHEARING.
   An application for a rehearing must be denied where it is based solely on evidence already before the court, and passed upon adversely to applicant on rehearing before another judge, and no manifest error is shown.

2. PATENTS FOR INVENTION—PRACTICE—FINDINGS OF MASTER—SUFFICIENCY OF EVIDENCE.
   In a reference to find and report the number of cans made by defendants under a patent on which royalties should be paid, the decree directed the master to take an account of all cans made and sold by defendants since January 1, 1883, (to which date royalties had been paid,) "which embody or make use of the improvements patented." The master called for an account of all cans made and sold by defendants since January 1, 1883, which purport to use the letters patent. Defendants furnished such account, stating that the cans included therein were all similar to those made by them under their license, and on which they had paid royalties down to January 1, 1883. *Held,* that there was sufficient evidence on which to base the master's report as to the amount of royalties unpaid.

On Rehearing.   See 30 Fed. Rep. 525, 531.

*Geo. C. Lay,* for complainant.

*Jas. A. Whitney,* for defendants.

LACOMBE, J. The elaborate and exhaustive argument of defendants' counsel may be grouped under two heads. He first seeks to secure a rehearing of the case, and a determination thereon different from that rendered on final hearing. With the exception, however, of testimony touching the kind of oil-can manufactured since January 27, 1885, no new facts were proved before the master. The evidence as to what kind of cans were made subsequent to January 27, 1885, is, however, immaterial, as the complainant abandoned all claim for royalties thereon, and the master has not included them in his report. The facts upon which a rehearing is asked were fully set forth before Judge WHEELER, (see his opinion, March 28, 1887, 30 Fed. Rep. 525,) and were again considered by him upon a motion for reargument April 9, 1887, (Id. 531.) Subsequently another motion for rehearing was made before the same judge, who, in September, 1887, denied the motion, with the statement that the whole subject had been fully considered. The present application being based solely upon evidence already before the court, and three times passed upon adversely to the defendants, must be denied; no such manifest error being shown as would warrant the disturbance of the judgment at final hearing, which must therefore be taken as settling the law of the case.

In the second place, defendants attack the master's report as to the number of cans on which royalties should be paid, claiming that no manufacture or sale by defendants of cans such as are contemplated by the order or decree is shown. The decree directed the master to take the "account of all incased glass vessels manufactured and sold by the defendants from the 1st day of January, 1883, (down to which date royalties had been paid,) which embody or make use of the improvements patented," etc. The master called upon the defendants to produce an account of all glass vessels manufactured and sold by them from January 1, 1883, to the date of the decree, which purport to use the letters patent. The defendants furnished such an account, and upon the statements of quantity therein contained the master's report is based. As to the kind of cans covered by this account the defendants therein stated that they were "all similar to defendants' Exhibit No. 1." This exhibit was before the court on final hearing, and testified to as a sample of the cans made by defendants under their license, and upon which they paid royalties down to January 1, 1883. Inasmuch as the decree under which the master acted was directed to ascertaining what license fees were unpaid, there was certainly before him, by defendants' own concession, sufficient facts on which to base his report.

The exceptions are overruled, the master's report confirmed, and judgment directed for complainant for amount found due.